REGAN, Judge
(dissenting).
I respectfully dissent. While I have the deepest sympathy for the unfortunate experience and damages endured by the plaintiffs, I am not content to cast aside, by use of procedural anachronisms, a long accepted rule firmly imbedded in the jurisprudence of this nation and state, merely because it dictated a result which is unfavorable to this particular litigant. But the same result has prevailed in innumerable cases, some of which have been recently decided by us,[1] wherein the plaintiff endeavored to recover damages from a municipality, the state, or one of its subdivisions, which was engaged in a governmental function when the damages occurred. The defendant pleaded, in the lower court, the exceptions of no cause or right of action, which were sustained, and plaintiffs’ suit was dismissed.
The rationale of the government’s immunity from tort liability while engaged in a governmental function is to be partially explained by the thought habits of American common law jurists who essentially followed the English maxim that the king can do no wrong and by the very *799 natural desires of state and municipal governments to avoid payment of their vast debts, which in the final analysis become an obligation to be liquidated by the taxpayer. Despite the absence of historical and philosophical justification, the doctrine of sovereign immunity is today a part of American as well as Louisiana legal dogma. Of course, corrective legislation is needed in order to make the government responsible for such tortious acts; however, we are not legislators, but merely interpreters of the existing jurisprudence and the established rules emanating therefrom.
There exists no doubt in anyone’s mind that the Sewerage & Water Board was actually engaged in the performance of a governmental function when it caused plaintiffs to incur the damages enumerated in the court’s opinion, which would make it immune from tort liability, and I fail to see why this defense may not be raised in this court through the medium of an exception of no cause or right of action, which as we all know may he pleaded at any stage of the proceedings, even in our highest tribunal.
An examination of the cases cited in the majority opinion in support of its rationale will disclose that these cases were decided prior to or failed to consider the legal significance of State ex rel. Porterie v. Walmsley,[2] which established unequivocally for the first time that the Sewerage' & Water Board is an agency of the state government and as such is engaged in the performance of a governmental function, certainly insofar as its sewerage and drainage activities are concerned.
I believe that the court’s opinion concedes that if the exceptions of no cause or right of action had been pleaded in the lower court and in support thereof the doctrine of immunity from tort liability while engaged in the performance of a governmental function had been argued the decision in this court would now be in favor of the defendant, the Sewerage & Water Board, rather than the plaintiff; and since it is likewise conceded that the exceptions of no cause or right of action may be pleaded at any stage of the proceedings, even here, and in support thereof the defendant has actually urged upon us the doctrine of governmental immunity, it would seem to follow as a logical' conclusion that the exceptions must be sustained and plaintiffs’ suit dismissed.

. Martin v. City of New Orleans, La.App.1957, 98 So.2d 559; Beck v. Boh Bros. Const. Co., La.App.1954, 72 So.2d 765.

. 1935, 183 La. 139, 162 So. 826.